**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GREAT BOWERY, INC. d/b/a TRUNK ARCHIVE,<br>Plaintiff,<br><br>v.<br><br>SABINA BRAILOVSKAYA, an individual, d/b/a UNIQUE BOUTIQUE and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 1:26-cv-14401<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, GREAT BOWERY INC. d/b/a TRUNK ARCHIVE alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claim for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the state of Massachusetts,

Defendant's acts of infringement were directed towards the state of Massachusetts, Defendant caused injury to Plaintiff within the state of Massachusetts, and Defendant has a physical presence in the state of Massachusetts.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

5. Plaintiff Great Bowery, Inc. d/b/a Trunk Archive ("Trunk Archive") is a corporation duly organized and existing under the laws of Delaware with a place of business at 32 Mercer Street, Floor 2, New York, NY 10013.

6. Upon information and belief, Defendant, Sabina Brailovskaya ("Brailovskaya" or "Defendant") is an individual transacting business in the State of Massachusetts under the trade name "Unique Boutique," with a principal place of business at 1349 Centre Street, Newton Centre, Massachusetts 02459.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes, and on that basis, alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will

seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

8. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of the Defendants named in this caption.

## FACTUAL ALLEGATIONS

***Plaintiff Great Bowery, Inc. d/b/a Trunk Archive and Copyright Holder Florian Sommet***

9. Trunk Archive is a full-service photography licensing agency representing some of the most prominent photographers and iconic images in the world.

10. Trunk Archive's catalogue features imagery from hundreds of prominent artists and designers that are available for license.

11. One of Trunk Archive's most prominent photographers is half French and half German photographer Florian Sommet ("Sommet").

12. Sommet is a highly successful photographer specializing in beauty photography. His work shows youthful visions and sensitivity to textures, supported by clean, bright lighting, and colorful props.

13. Sommet licenses his work for a fee.

14. Sommet's portfolio includes international clients, and his work has been featured in top magazines and advertising such as *ELLE, VOGUE, Madame Figaro, Harper's Bazaar, Marie Claire, GQ,* and *Allure*. Additionally, his work has been used commercially by *Chanel, L'Oréal, Helena Rubinstein, Chopard*, and *Clarins*.

15. Sommet's livelihood depends on receiving compensation for the photographs he produces, and the copyright protection afforded to Sommet's work deters would-be infringers from copying and profiting from his work without permission.

16. Sommet is the sole author and rights holder to a close-up beauty photograph of a model posing with tropical foliage ("Beauty Photograph").

17. Attached hereto as Exhibit A is a true and correct copy of the Beauty Photograph.

18. Sommet registered Beauty Photograph with the United States Copyright Office under Registration Number VA 2-229-926 with an Effective Date of Registration of October 29, 2020.

19. Attached hereto as Exhibit B is a true and correct copy of the Registration Certificate VA 2-229-926.

20. Sommet subsequently granted Trunk Archive the exclusive right to license the Beauty Photograph, which includes the exclusive right to distribute, display, and reproduce the Beauty Photograph.

***Defendant Sabina Brailovskaya d/b/a Unique Boutique***

21. Upon information and belief, Brailovskaya is conducting business as a medical spa under the trade name "Unique Boutique."

22. Upon information and belief, Brailovskaya, acting as "Unique Boutique," offers services such as body contouring, laser hair removal, facials, and more. *See generally* *yourdayofbeauty.com*.

23. Brailovskaya manages, operates, and controls the website yourdayofbeauty.com ("Defendant's Website").

24. On information and belief, Defendant's Website generates content in order to promote Defendant(s)' products and services, attract social media followers, attract new customers to the Defendant's business, and generate profit and revenue for the company and its owner(s).

25. On or about March 3, 2026, Plaintiff discovered the Beauty Photograph copied and published on the homepage of Defendant's Website, alongside a paragraph on describing Defendant's business and their services ("Infringing Use").

26. Attached hereto as Exhibit C are true and correct screenshots of Defendant's Website showing the Infringing Use.

27. Trunk Archive has never at any point granted Brailovskaya a license or other permission to copy, display, distribute, or otherwise use the Beauty Photograph in the Infringing Use on Defendant's Website or elsewhere.

28. Brailovskaya, including her employees, agents, contractors, or others over whom she has responsibility and control, copied and uploaded the Beauty Photograph to Defendant's Website without Trunk Archive's consent or authorization.

29. Brailovskaya, including her employees, agents, contractors, or others over whom she has responsibility and control, willfully uploaded the Beauty Photograph onto Defendant's Website because Brailovskaya knew she did not have permission to use the Beauty Photograph.

30. Trunk Archive has never at any point given Brailovskaya a license or other permission to display, copy, distribute, or otherwise use the Beauty Photograph in the Infringing Use on Defendant's Website or on any other website or platform.

31. Defendant's use of the Beauty Photograph was deliberate and willful because Defendant knew or should have known that she did not purchase a license to use the Beauty Photograph on Defendant's Website or in any other way.

32. Soon after discovering the Infringing Uses, Trunk Archive, through counsel, reached out to Defendant to have the Beauty Photograph removed and to

attempt to resolve this matter without court intervention, but the parties were unable to come to an agreement.

**CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq***

33. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

34. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Beauty Photograph.

35. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Beauty Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Beauty Photograph without Plaintiff's consent or authority, by using the Beauty Photograph on the Defendant's Website.

36. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages pursuant to 17 U.S.C. § 504(c).

37. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Beauty Photograph by copying, displaying, and distributing it without a license or consent;
- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant pursuant to 17 U.S.C. § 504(c), whichever is larger;
- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;
- For pre-judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: September 25, 2026

Respectfully submitted,

**/s/ Taryn R. Murray**
Taryn R. Murray, Esq.
Mass Bar No. 703750
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave., Ste. 200
N Las Vegas, NV 89032
(813) 701-3013
(714) 597-6729 facsimile
tmurray@higbeeassociates.com
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Trunk Archive, hereby demands a jury trial in the above-captioned action.

Dated: September 25, 2026

Respectfully submitted,

**/s/ Taryn R. Murray**
Taryn R. Murray, Esq.
Mass Bar No. 703750
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave., Ste. 200
N Las Vegas, NV 89032
(813) 701-3013
(714) 597-6729 facsimile
tmurray@higbeeassociates.com
*Attorney for Plaintiff*